UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DELFASCO, LLC, a Delaware
Limited liability company,

        Plaintiff,

     v.

STEPHEN POWELL, an individual and
MARK BENKO, an individual

        Defendants.

Case No. _____

REMOVED FROM THE CIRCUIT COURT
OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA,
CASE NO. 14-6503 09

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, STEPHEN POWELL ("Powell") and MARK BENKO ("Benko"; collectively, the "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, hereby submit the following Notice of Removal with respect to the above captioned case, which was filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 14-6503 09.  In support of this Notice of Removal, Defendants state the following:

### Background And Timeliness

1.      On April 4, 2014, Plaintiff, DELFASCO, LLC, a Delaware limited liability company ("Plaintiff"), commenced a civil action against Defendants by filing a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 14-6503 09.  There are no other parties named in Plaintiff's Complaint.

2.      Both Defendants received service of process on April 6, 2014.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Plaintiff's Verified Complaint, which constitute "all summons, pleadings, and orders" served upon the Defendants in the state court action, are attached hereto as Exhibit 1.  Because Defendants have filed this Notice of

Removal within thirty (30) days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3.      The Plaintiff, DELFASCO, LLC ("Delfasco"), alleges that Powell, a former employee, misappropriated its proprietary trade secrets and participated in a civil conspiracy with Benko by leaking Delfasco's confidential information to a Florida company, GTI Systems, Inc. ("GTI"), which then used that information to procure a *lucrative* federal government contract. Compl. ¶ 1.   GTI, however, is not named as a party in this action by the Plaintiff. Delfasco then filed a procurement protest at the United States Accountability Office. Compl. ¶ 6. Plaintiff brings a multi-count claim for misappropriation of trade secrets, pursuant to Florida Uniform Trade Secrets Act, Section 688.001, *et seq.*, breach of contract, breach of fiduciary duty and duty of loyalty and civil conspiracy to misappropriate trade secrets.   The Plaintiff further alleges that it is entitled to compensatory damages, exemplary damages in an amount of up to twice of any award, pursuant to Florida Statute § 688.004(2), injunctive relief and reasonable attorneys' fees. Compl. Count I Wherefore Clause.

### This Case Is Removable Based Upon Diversity Jurisdiction

4.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the Defendant to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a).

6.     In this case, both the "diversity" and "amount in controversy" requirements are met.

**The Parties Are Diverse**

7.     As reflected in the Complaint, the Plaintiff "is a Delaware limited liability company which conducts business in Tennessee and has its corporate/financial home in New York." Compl. ¶ 2.

8.     Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c).  Thus, Plaintiff is a citizen of the States of Delaware and New York.

9.     Defendants are both residents of the State of Tennessee. Compl. ¶¶ 3 and 4.

10.     Thus, Plaintiff and Defendants are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

**The Amount In Controversy Exceeds $75,000**

11.     Plaintiff seeks to recover compensatory damages for the loss of the procurement of a *lucrative* federal contract at the time it filed its Complaint. Compl. ¶ 1.  While the Plaintiff omits to set forth an amount in controversy, other than the jurisdictional amount for a Florida circuit court of in excess of $15,000.00, the type of contract resulting from the government contract procurement procedure is called a Multi-year Requirements Contract.  An article on the U.S. Army procurement site about this contract is attached hereto as Exhibit 2.

12.     The specific contract that the Plaintiff sought to obtain has five ordering periods over the next five years.  The contract number that was issued to GTI for the five year program is W52P1J-14-D-0042.  The contract is issued by the Army Contracting Command, Rock Island,

IL.   GTI is still in discussions with the government relative to Delfasco's protest.  The first delivery order against this contract is 0001.  The Army Contracting Command estimates the annual requirements; however, it is not bound by its estimates in that it can order more, less, or nothing in a given ordering period.  Defendants are fully aware that the exact dollar value of the first delivery order 0001 is **$6,997,937.46**. Affidavit of Mark Benko, attached hereto as Exhibit 3.

13.   Moreover, Plaintiff seeks exemplary damages in an amount of up to twice of any award herein, pursuant to Florida Statute § 688.004(2). (Compl. Count I Wherefore Clause).

14.   Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1332(a) and (c).

15.   This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

## Venue And Notice

16.   Venue is proper in this District because, pursuant 28 U.S.C. § 124(b)(2), this District embraces the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, the place where the removed action has been pending. 28 U.S.C. § 1441(a).

17.   Promptly upon the filing of this Notice of Removal, Defendants shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Circuit Court of the 17th Judicial Circuit in and for Broward County, and will serve a copy thereof on Plaintiff through its counsel, pursuant to 28 U.S.C. 1446(d).  A copy of this Notice is attached hereto at Exhibit 4.

## Conclusion

18.   Based on the foregoing, this Court has original jurisdiction over this action based on diversity of the Parties under 28 U.S.C. § 1332; therefore, this Court may properly exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

19.     Should Plaintiff seek to remand this case to state court, Defendants respectfully request that they be permitted to brief and argue the issue before any order remanding this case. In the event this Court decides that remand is proper, Defendants request that this Court retain jurisdiction and allow Defendants to file a motion asking this Court to certify any remand order for interlocutory review by the U.S. Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 1292(b).

**WHEREFORE**, Defendants, STEPHEN POWELL and MARK BENKO, respectfully request that the above-described action pending against them be removed to this Court. Defendants also request all other relief, at law or in equity, to which it justly is entitled.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing NOTICE OF REMOVAL has been electronically filed with the Clerk of Court by using the CM/ECF system this 28th day of April, 2014, which will send a notice of electronic filing to: Anthony J. Carriuolo, Esq., acarriuolo@bergersiongerman.com, and Laurie M. Weinstein, Esq., lweinstein@bergersingerman.com, BERGER SINGERMAN LLP, 350 E. Las Olas Blvd, Suite 1000, Ft. Lauderdale, FL 33301.

Respectfully submitted,

/s/ Philip J. Kantor_____
PHILIP J. KANTOR
Florida Bar No. 435597
E-mail: pkantor@qpwblaw.com
**Quintairos, Prieto, Wood & Boyer, P.A.**
One East Broward Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 523-7008
Facsimile: (954) 523-7009
*Attorneys for Defendants, Stephen Powell*
*And Mark Benko*